PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* MANUEL RODRÍGUEZ, Defendant and Appellant.

No. 2569. Argued July 13, 1925.—Decided March 31, 1926.

*Leopoldo Tormes* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

An information filed by the District Attorney of Ponce charged Manuel Rodríguez, the appellant, with violating Act No. 14 of June 25, 1924, amending the act entitled "An Act to prohibit the carrying of arms" of March 9, 1905, amended on March 12, 1908, in that on or about March 25, 1925, in the ward of Ensenada of Guánica the said Rodríguez "unlawfully carried a single-barreled 16-calibre shotgun loaded with a cartridge, the said shotgun being an arm or instrument with which bodily injury may be caused."

When the case was called for trial witnesses Nicolás Beltrán and Ramón Portell, both insular policemen, testified for the prosecution that on January 25, 1925, they saw the defendant on a public highway carrying the said shotgun, which was taken from him. The shotgun was exhibited in evidence. For the defense witness Juan R. Irizarry, who had been called by the district attorney, testified that on January 25, 1925, he passed in front of the house of the defendant, with whom he had had a quarrel some time before and who was said to have threatened to kill him, and upon seeing him in the door of his house with a shotgun he ran away and reported it to the police. Antonio R. Rodríguez and Salvador Fábregas testified that the policeman came to the defendant's store because of the report and seized the shotgun inside of the store.

The court found the defendant guilty and sentenced him to thirty days in jail. The defendant appealed and assigned in his brief the following errors:

"1. The judgment in this case is void because it is not in accordance with section 326 of the Code of Criminal Procedure of Porto Rico in that it does not specify the offense of which the defendant was convicted.

"2. The judgment in this case is void because Act No. 14 of June, 1924, is unconstitutional, and because a shotgun is not defined in Porto Rico as a prohibited arm.

"3. The lower court erred in weighing the evidence.

"4. The judgment in this case is contrary to the law and the evidence."

■■ In fact the judgment does not specify the offense of which the defendant was convicted, but as it clearly appears from the record, the error does not require a reversal of the judgment. The judgment can be and will be amended.

In the case of *People* v. *Alvarez*, 21 P.R.R. 80, 90, followed recently on various occasions, this court, by Mr. Justice Hutchison, expressed itself as follows:

"If, therefore, the failure of the court below to specify in its judgment the exact offense of which the defendant was convicted were the only error apparent upon the record, it would be our plain duty and we would not hesitate to modify the same in so far as necessary to cure the defect and then affirm the judgment as modified."

■■ The second assignment of error involves the questions of the constitutionality of the Act and whether or not a shotgun is a prohibited arm.

The first question has been decided against the appellant's contention. *People* v. *Cruz Rosado*, 34 P.R.R. 305, and *People* v. *Acevedo*, 34 P.R.R. 439.

Let us examine the second. In the said case of *People* v. *Cruz Rosado* this court, by Mr. Justice Aldrey, said:

"(1) Section 1 of the Act of March 9, 1905 (Comp. sec. 5994), was not amended by the Act of 1908 and prohibited specifically the carrying of any pistol, dirk, dagger, slingshot, sword, sword cane, cudgel, spear or knuckles made of any metal or any hard substance, or bowie-knife or any other knife, manufactured or sold for purposes of offense or defense, or any machete, unless carried by certain persons or on certain occasions.

"That section was amended by Act No. 14 of June 25, 1924 (p. 114), which, instead of specifying the weapons which are prohibited, provides that any person who unlawfully carries any arm or instrument with which bodily injury may be caused shall be punished by imprisonment for a term of from one to six months.

"A weapon, according to its common meaning and the definition of the word given in the dictionary of the Spanish Academy, is an

instrument intended for offense and defense; or, in other words, an instrument for the purposes of offense and defense. Therefore, section 1 of the Act of 1924 (p. 116), in providing for the punishment of any person who unlawfully carries any weapon, can not refer to anything but instruments intended for offense or defense, as are those enumerated in the Act of 1905 (Comp. sec. 5994), and although it is true that the Act of 1924 failed to specify the weapons prohibited and used a general word, yet the meaning of that word does not include other weapons than instruments intended for offense and defense, such as those specified in the Act of 1905 and any others similar.'' 34 P.R.R. 305, 306.

Shotguns were not included among the prohibited arms enumerated in the Act of 1905. Following the rule laid down in the *Cruz Rosado Case, supra,* can a shotgun be considered as an arm intended for offense and defense such as those mentioned by the Legislature in 1905?

According to the dictionaries a shotgun is a firearm with one or two barrels seven or eight decimeters long and approximately two centimeters wide mounted on a wooden stock containing the springs and triggers for exploding the cartridges.

Hence there is no doubt that a shotgun is an arm of the same nature as a revolver which is expressly prohibited by the Act of 1905. That it is an arm for offense and defense is so evident that it need not be discussed. There are different kinds, one being the common weapon of armies. It is true that airguns, which are not arms for offense and defense, are used in sports and by boys in play, and that shotguns, if arms for offense and defense, are used also in hunting. But the use is a defense that can be alleged by the defendant. If a defendant found on the highway with a shotgun shows that he is going on a hunting expedition and that he has a license therefor, he is committing no crime, for he would be within one of the exceptions of the law.

The evidence was contradictory. Two witnesses, the policemen, testified that the arm was taken from the accused on a public highway. Two witnesses, Rodríguez and Fá-

bregas, testified that the arm was seized in the house or store of the defendant, where, under the law, he had a right to have it. If the policemen told the truth, the defendant is guilty. If the truth was told by Rodríguez and Fábregas, the defendant is innocent. The testimony of witness Irizarry may favor either version. If the defendant was in the door of the house with the shotgun, he could either go out to the highway with his weapon in pursuit of Irizarry, or enter his house and put away the gun after he saw that Irizarry had gone.

Under such circumstances, since the trial judge adjusted the conflict against the defendant, we are not in a position to conclude that he erred.

For the foregoing reasons the judgment appealed from must be affirmed, but modified in the sense that the offense of which the defendant was convicted is a violation of the Act prohibiting the carrying of arms as amended in 1924.